DAVID T. WILENTZ, Attorney-General, et al., complainants-respondents,

*v.*

ASSOCIATED REALTIES CORPORATION et al., defendants-appellants.

[Submitted May term, 1942. Decided September 18th, 1942.]

*Mr. David T. Wilentz* and *Mr. Robert Peacock,* for the complainants-respondents.

*Messrs. Harcourt & Steelman* (*Mr. Hiram Steelman,* of counsel), for the defendants-appellants.

The opinion of the court was delivered by

HAGUE, J.

This is an appeal from an interlocutory order of the Court of Chancery, advised by Vice-Chancellor Woodruff, on the petition of the Attorney-General of the State of New Jersey, which order permitted the Attorney-General to be joined as a party to the cause; changed the title in the cause to read "On Bill and Information for Injunction," &c., and amended the bill to show the status of the Attorney-General as an officer charged with the duty of appearing on behalf of the general public, and alleging a failure on the part of the municipal corporation, the City of Atlantic City, to take

action on the request of the complainants to enforce the provisions of a certain easement agreement relating to the beach and front property in Atlantic City and to restrain defendant Hamid's Million Dollar Pier from violating same.

The bill as filed by the individual complainants alleged that they were taxpayers of the municipality; that by agreement dated April 30th 1896, the city was granted a right of way sixty feet in width adjacent to the ocean for the purpose of maintaining a street and public boardwalk; that the agreement provided that the beach should be open from the boardwalk to the sea and that no building might be erected on the ocean side of the boardwalk except as provided by ordinance; that covenants were to run with the land but that the owner of property should not be prohibited from building a pier in front thereof connecting with the boardwalk, provided the pier should be at least one thousand feet in length, &c., and that there should not be permitted on the said pier the sale of any commodity but that its owner be restricted to charging an entrance fee to said pier. The Associated Realties Corporation, a corporation of the state, is said to have built a pier in 1907, now known as Hamid's Million Dollar Pier, and that said corporation, in 1938, leased to George D. Hamid certain property adjoining the boardwalk and including the pier, which lease was later assigned to Hamid's Million Dollar Pier Corporation. The bill also stated that in 1908, in a litigation between Atlantic City and Associated Realties Corporation, a final decree was entered enjoining the Associated Realties Corporation from making any charge for accommodation or amusement on the pier over and above entrance fee. The bill also charges that on or about September 2d, 1940, Hamid's Million Dollar Pier, in addition to an admission fee, sold certain commodities, which conduct, it is said, violated the terms of the original right of way agreement and, if permitted to continue, would cause irreparable damage to the individual complainants as property owners. It is also charged that the City of Atlantic City had issued mercantile licenses permitting the violations mentioned and thus, as it is charged,

acquiescing in the violation of the agreement already mentioned. The complainants further allege that although requests were made of the City Commissioners to take action to prevent these violations that their requests were denied and accordingly the municipality was joined as a defendant. The bill prayed for an injunction against Associated Realties Corporation, Hamid's Million Dollar Pier, a corporation of the state, and George D. Hamid, personally, to restrain such violations of the agreement and to enjoin the·municipality from issuing licenses or permits to perform the acts complained of and also to annul such licenses already granted.

The appeal is from the order first mentioned which joins the Attorney-General as a party complainant.

The municipality expressly states that it does not object to the presence of the Attorney-General as a complainant. As a matter of fact, it joined in the application to have the Attorney-General added as a party. The sole question therefore is whether the other defendants have any right to object to the addition of the Attorney-General as a party for technical reasons or on meritorious grounds. We do not consider that they have such right. The Attorney-General represents the public. While ordinarily his presence would be unnecessary if the matter were to be litigated by the municipality as trustee for the rights of the public, in this case the City of Atlantic City was joined as a defendant in the bill, and consequently any expectation of action by the municipality under these circumstances to enforce the provisions of the agreement, the violations of which it was charged with countenancing, would be incompatible on its face; indeed certain other defendants in their answers asserted that the City of Atlantic City had acquiesced in the violations charged, and that laches resulted because of the failure of the complainants to protest about the acts now under attack for a long period of time. The City is also charged in·the answer with acquiescence and is said to be estopped from action at this time because it has issued municipal licenses. It seems

quite clear therefore that the complainants could not, under these circumstances, call upon the City to enforce the rights of the public and that the Attorney-General was a proper party to be joined and under all the facts of the court's order joining him and ordering an appropriate amendment of the bill was proper.

We are in thorough accord with the reasoning and determination of the learned Vice-Chancellor in the matter and the order under review will be affirmed.

*For affirmance*—The Chief-Justice, Parker, Case, Bodine, Donges, Heher, Porter, Colie, Dear, Wells, Rafferty, Hague, Thompson, JJ. 13.

*For reversal*—None.